**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ELAINE WEBB-EDWARDS,**

       **Plaintiff,**

**-vs-**                                 **Case No. 6:05-cv-1149-Orl-22KRS**

**KEVIN BEARY, in his official capacity as**
**Orange County Sheriff,**

       **Defendant.**

_____

**ORDER**

    This cause came on for consideration without oral argument on Defendant's Verified Motion for Costs and Expenses, doc. no. 71, and Plaintiff's Response . . . in Opposition to Defendant's Motion for Costs, doc. no. 79.

    On May 21, 2007, Defendant Kevin Beary, in his official capacity as Orange County Sheriff, timely moved for costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Doc. No. 71. On May 23, 2007, costs were taxed in favor of Beary by the Clerk of Court in the amount of $8,476.93. Doc. No. 74. On June 8, 2007, Plaintiff Elaine Webb-Edwards filed Plaintiff's Response . . . in Opposition to Defendant's Motion for Costs. Doc. No. 79.

    Federal Rule of Civil Procedure 54(d)(1) provides that costs "may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." Pursuant to this rule, Beary was entitled to have costs taxed by the Clerk of Court upon one day's notice. Webb-Edwards then had five days (excluding weekends and holidays) to file a motion to have the Court review the taxation of costs. Because costs were taxed on May 23, 2007,

Webb-Edwards' motion was due by May 31, 2007.  Webb-Edwards offered no explanation for the untimely filing and, as such, no basis exists to determine whether the untimeliness was excusable neglect.

In a similar case, the district court concluded that a memorandum in opposition to a motion to tax costs filed after the five-day deadline of Rule 54, but within the time-limit of Local Rule 3.01(b), was untimely.  *Sayers v. Stewart Sleep Center, Inc.*, 140 F.3d 1351, 1352 (11th Cir.1998). The Eleventh Circuit affirmed, finding that "[t]he district court did not err in following the plain language of rule 54(d)(1) to conclude that [the] response to [the] bill of costs was untimely." *Id.* at 1354; *see also Corwin v. Walt Disney Co.*, 475 F.3d 1239 (11th Cir. 2007) (same).

For the foregoing reasons, Webb-Edwards' opposition was untimely.  Therefore, Plaintiff's Response . . . in Opposition to Defendant's Motion for Costs, which is construed as a motion under Rule 54(d), is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 22, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties